FILED
U.S. DISTRICT COURT
2009 APR 23 PM 12:38
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JEBURK, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV 109-048 (CR 195-058) |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Christopher Jeburk, an inmate currently confined USP Big Sandy, in Inez, Kentuckey, has filed with this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

### I. BACKGROUND

On February 16, 1996, a jury sitting in Augusta, Georgia, convicted Petitioner of conspiracy to commit bank robbery, bank robbery, possession of a firearm, carjacking, and interstate transportation of a stolen motor vehicle. United States v. Jeburk, Criminal Case No. 195-058, doc. no. 44 (S.D. Ga. Feb. 16, 1996). The Honorable Dudley H. Bowen, Jr.,

United States District Judge, sentenced Petitioner to life in prison. Id. at doc. no. 55. Following sentencing, Petitioner appealed his sentence to the Eleventh Circuit Court of Appeals. Id. at doc. nos. 56, 57. That appeal was dismissed on March 17, 1997. Id. at doc. no. 65.

Petitioner then filed a habeas corpus petition in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 2241. Jeburk v. Hurley, Civil Case No. 198-2033 (D. Colo. *filed* Sept. 4, 1998). Further, Petitioner also filed in this Court a "§ 2255 petition along with a motion to construe petition liberally under § 2255, § 2244, or the All Writs Act." Jeburk v. United States, Civil Case No. 199-166 (S.D. Ga. *filed* Sept. 13, 1999). Then, he filed another § 2255 in this Court wherein he raised one ground for relief concerning his sentence. Jeburk v. United States, Civil Case No. 101-089 (S.D. Ga. *filed* June 7, 2001). On March 5, 2007, Petitioner filed a § 2241 claim in the Eastern District of California, which was dismissed after the court found that his claim did not qualify under § 2241, but rather, was a § 2255 motion. Jeburk v. United States, Civil Case No. 107-354 (E.D. Calf. *filed* March 5, 2007). Undeterred, Petitioner filed another § 2241 in the Statesboro division of this Court. Jeburk v. Warden, Emanuel County Detention Center, Civil Case No. 608-101 (S.D. Ga. *filed* Nov. 19, 2008). Petitioner's § 2241 petition was recharacterized as a § 2255 motion and was dismissed as successive. Id. at doc. no. 5.

Petitioner filed the instant § 2255 motion on April 13, 2009. (Doc. no. 1). As grounds for relief, Petitioner argues, *inter alia*, that he had ineffective assistance of appellate counsel, and that his due process rights were violated when his motion to proceed on appeal *in forma pauperis* was denied based on his mother's rather than his purported ability to pay.

2

## II. DISCUSSION

Petitioner's claims are barred from review in this § 2255 proceeding by virtue of the successive motion restrictions enacted by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and now contained in 28 U.S.C. §§ 2255 and 2244(b). Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Section 2244, in turn, provides that prior to filing a successive petition in the District Court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In sum, "[f]ederal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (*per curiam*) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)).

Here, Petitioner has previously filed at least four § 2255 motions that have been dismissed. It appears Petitioner is attempting to proceed with the instant § 2255 motion based on purportedly newly discovered evidence. Nonetheless, because Petitioner has previously filed § 2255 motions, he must first obtain permission from the Eleventh Circuit

to file a successive § 2255 motion. In his current § 2255 motion, he does not state that he has either sought or been granted permission to file a successive § 2255 petition in this Court; absent authorization from the Eleventh Circuit, this Court lacks the jurisdiction to consider the issue raised in Petitioner's motion. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (*per curiam*) (determining that "the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition"); see also In re Dean, 341 F.3d 1247, 1248-49 (11th Cir. 2003) (*per curiam*) (denying permission to file successive § 2255 motion alleging sentencing error based on successful challenge to state convictions that were used to calculate federal sentence). Accordingly, Petitioner's current § 2255 motion should be dismissed so that he can seek authorization from the Eleventh Circuit Court of Appeals to file a second § 2255 motion.

### III. CONCLUSION

Based on an initial review of the instant § 2255 motion, as required by Rule 4 of the Rules Governing § 2255 Cases, the Court finds the motion to be successive. The Court therefore **REPORTS** and **RECOMMENDS** that the motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23 day of April, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE